IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| MICHAEL J. PLEVYAK, | : | BANKRUPTCY NO.: 5-13-bk-05500-JJT |
| DEBTOR | : | |
| SOLAR INNOVATIONS, INC., | : | {**Nature of Proceeding**: Respondent's Motion for Reconsideration of Order granting Motion to Dismiss (Doc. #62)} |
| MOVANT | : | |
| vs. | : | |
| MICHAEL J. PLEVYAK | : | |
| RESPONDENT | : | |
| vs. | : | |
| MICHAEL G. OLEYAR, ESQUIRE, | : | |
| TRUSTEE | : | |

# **OPINION**[1]

Following a review of testimony taken, exhibits submitted at time of trial, briefs both in support and in opposition, and oral argument of the parties, the Court granted Solar Innovations, Inc.'s Motion to Dismiss the above bankruptcy case under 11 U.S.C. § 707(a). It is this Order which is the subject of the instant Motion for Reconsideration filed by the Debtor/Respondent, Michael J. Plevyak.

The Motion for Reconsideration can be summarized as follows. Within several days of the Order dismissing the above-captioned bankruptcy, my fellow Middle District Bankruptcy Judge, Robert N. Opel, II, issued an Opinion and Order in the case of *In re Hunt*, 521 B.R. 479 (Bktrcy. M.D.Pa. 2014), which denied a Motion to Dismiss the *Hunt* case under Section 707(a). The Respondent contends that the circumstances in the *Hunt* case were similar to those presented

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

in the instant case, and yet, Judge Opel found that the allegations in the *Hunt* case did not rise to the status of bad faith, and therefore, the motion to dismiss was denied. The argument continues that there are now two decisions from the United States Bankruptcy Court for the Middle District of Pennsylvania that are inconsistent with each other and which inconsistency represents a change in existing or controlling law sufficient to establish a basis to reconsider under Federal Rule of Civil Procedure 60(b) as adopted by Federal Rule of Bankruptcy Procedure 9024.[2]

Initially, I note that trial decisions made by individual bankruptcy courts within a given district do not hold any precedential value concerning issues raised and legal conclusions drawn upon other courts in the same district. In other words, there is no law of the district and *stare decisis* also does not apply. *Threadgill v. Armstrong World Industries, Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991). Regardless, I undertook a review of Judge Opel's decision in the *Hunt* case, *supra*., in an exercise to determine whether any relief from my Order can be given to the Respondent under Federal Rule of Bankruptcy Procedure 9023.

After a review of Judge Opel's decision in the *Hunt* case, I find that, while the ultimate result between the *Hunt* case and the instant case are inconsistent, the application of the appropriate law to the facts presented in each case was consistent. Ultimately, the decision in both cases came down to a finding of whether the underlying bankruptcy cases were filed in good faith. The facts presented to the Courts in both cases are readily distinguishable. Both Courts took a parallel track in the application of precedential Third Circuit law referencing the seminal case of *In re Tamecki*, 229 F.3d 205 (3d Cir. 2000). Both Courts also discussed the impact and directives of the case of *In re Myers*, 491 F.3d 120 (3d Cir. 2007), when a Court is considering whether the Debtor had filed a case in good faith. While I concentrated also on the

---

[2] Respondent's request for reconsideration was made solely under Federal Rule of Bankruptcy Procedure 9024 (Relief from Judgment or Order). While the Court finds the Motion for Reconsideration fails in all respects under an application of Federal Rule of Bankruptcy Procedure 9024, it will, nonetheless, treat the Motion as one under Federal Rule of Bankruptcy Procedure 9023 (New Trials; Amendment of Judgments), inasmuch as the Motion was timely filed under Rule 9023.

case of *In re Lilley,* 91 F.3d 491 (3d Cir. 1996), Judge Opel spent a considerable time discussing the factors a Court should consider for dismissal of a Chapter 7 case for bad faith relying on the case of *In re Glunk*, 342 B.R. 717, 734 (Bkrtcy. E.D.Pa. 2006). The bottom line is that the two Courts came to different results on totally distinguishable fact patterns. We both applied the applicable law when a Court is confronted with a request to dismiss the filing of a case because it was not filed in good faith. This determination leads to a conclusion that I did not make an error in the application of the appropriate law or in the findings of fact which I made on the record at the time of rendering my decision on this matter (See Doc. #59).

    My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: April 8, 2015